RECEIVED
USDC WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/17/10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-0367 |
| VERSUS | JUDGE HAIK |
| RONALD LYNN BROUSSARD, JR.., ALAN R. BEATY, and ROBERT WAYNE BOWLIN, SR. | MAGISTRATE JUDGE HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

**A.     Facts**

On or about September 22, 2008, Ronald Lynn Broussard, Jr., a United States citizen employed as a DOD contract civilian medic by Special Operations Consulting (SOC-SMG) at Al-Asad Air Base, Iraq, and co-defendants, Alan R. Beaty, a United States citizen employed as a contractor site manager for SOC-SMG at Al-Asad Air Base, Iraq, and Robert Wayne Bowlin, Sr., a United States citizen employed by Taos Industries, Al-Asad Air Base Iraq allegedly abducted two individuals at gun point. The two men were purportedly taken away by the defendants in a truck and held until one of the men agreed to provide the defendants with alcohol.

Defendant Broussard allegedly brandished a 9MM pistol, physically grabbed one of the men, and communicated death threats to both men while trying to get information relating to the alcohol. Broussard is alleged to have slammed one of the men's head into the side of the truck and hit him in the head with the butt of his pistol. According to the Indictment, Broussard held a third person at gun point and communicated death threats to him in an attempt to get information as to the location of one of the individuals who was supplying the alcohol to the Defendants. Broussard allegedly advised that he would kill the victim if he notified law enforcement. According to the Indictment, Beaty guarded one of the men in the bed of the truck while the men

were being transported by the group. Beaty was Broussard's supervisor at SOC-SMG. Bowlin was purportedly present during the incident and went along with the group during the entire course of events.

**B.     Defendant Broussard's Contentions**

Broussard contends that he was subjected to an extraordinary length of confinement after arrest without benefit of prompt indictment. Broussard argues that the Government had sole control over the process, had ample warning that such process would be problematic and took no steps to correct this delay in violation of The Speedy Trial Act. Thus, Defendant Broussard contends that the Court should dismiss the indictment with prejudice for failure to provide a speedy trial.

Broussard contends that he was detained by agents following the aforementioned incident on September 27, 2008. He states that he was flown from Al Asad to Camp Liberty in Baghdad and placed in an isolation holding cell on September 28, 2008. On or about October 1, 2008, a hearing was held to determine Broussard's confinement status, ultimately resulting in the Military Magistrate Judge ordering continued confinement. Broussard argues that he remained at Camp Liberty throughout October and November of 2008 where the conditions of confinement bordered on oppressive. Broussard insists that his confinement prevented him from being able to retain counsel as he was denied access to military counsel who could enter into an attorney-client relationship.

On December 2, 2008, Broussard was charged by Bill of Information with conspiracy, kidnaping, assault, use of a firearm during a crime of violence, and tampering with a witness. Broussard contends that on December 5, 2008, a telephone hearing was held by Magistrate Judge Hill, after which Federal Marshals took custody of Broussard. On December 7, 2008, Broussard

was flown to Lafayette, Louisiana, he was placed in St. Martin Parish Jail the next day. On December 10, 2008, an indictment was handed down against Broussard in the Western District of Louisiana. On December 11, 2008, Broussard was released from confinement shortly after meeting the terms and conditions of his pre-trial release set by the Court.

Broussard argues that he was confined for a period of seventy-five (75) days from the date of arrest to the date of the indictment. He contends that the Speedy Trial Act, 18 U.S.C. 3161, provides that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested...in connection with such charges." Defendant also argues that the Act further provides that, if an indictment is not returned within the mandatory thirty day time limit, "such charge against the individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. 3161 (a)(1).

C.     **Government's Contentions**

The Government argues that the defendants were arrested and made an initial appearance in federal court before a Federal Magistrate within five days of the arrest and seven days of the filing of the Bill of Information. The United States contends that the Defendants were indicted within five days of being arrested, and their trial date was set approximately forty days later, well within the Speedy Trial Act.

The Government argues that, because the defendants in this case were charged by Bill of Information, an indictment was required to be filed within thirty days unless waived. The Government contends that Courts have clearly held that non-federal custody resulting from a federal detainer does not trigger the thirty day period. When a defendant is charged in a federal complaint and is in non-federal custody on state or local charges, the thirty day period begins

when he is turned over to federal authorities to face the federal charges. *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987). The Government points out that, in *United States v. Charles*, 883 F.2d 355, 356 (5th Cir. 1989), the court held that 3161(b)'s thirty day period was not triggered because there was no federal arrest.

**D.     Analysis**

18 U.S.C. §3161 provides that any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. In *United States v. Johnson*, 815 F. 2d 309, 312 (5th Cir. 1987), the court held that the filing of a federal complaint does not, in the absence of a federal arrest in connection with that complaint, trigger the time requirement of 3161(b).

In this case, Defendant Broussard was detained on September 27, 2008 by the Naval Criminal Investigation Service (NCIS). Although a federal complaint may have been filed, there was no federal detention. Thus, the September 27, 2008 detention did not trigger the thirty day requirement. On December 5, 2008, federal marshals took custody of Broussard after a telephone hearing with Magistrate Judge Hill. This December 5, 2008 detention triggered the thirty day requirement as set out in 18 U.S.C. §3161(b). Broussard was indicted five days after being arrested, and his trial date was set approximately 40 days later. Clearly, the Defendant was indicted well within the thirty day time period allowed by the Speedy Trial Act. Therefore, Defendant's Motion to Dismiss the Indictment is **DENIED**.

E.   **Conclusion**

      For the reasons set forth above, the Defendant's Motion to Dismiss (Doc. 54) is hereby **DENIED**.

      THUS DONE AND SIGNED in Lafayette, Louisiana, on this the 12th day of February, 2010.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA